IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SHIRLEY PISO PICO, Trustee for Manuel Tabaquin, | ) ) ) | CIVIL NO. 10-00583 SOM/KSC |
| Plaintiff, | ) ) ) | ORDER VACATING ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DENYING |
| vs. | ) ) | PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL (ECF |
| BANK OF AMERICA, et al. | ) ) | NO. 18); ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE |
| Defendant. | ) | DISMISSED |

ORDER VACATING ORDER GRANTING PLAINTIFF'S
MOTION TO PROCEED IN FORMA PAUPERIS AND DENYING
PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL (ECF NO. 18);
ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED

I.      INTRODUCTION.

On October 6, 2010, Plaintiff Shirley Piso Pico filed a Complaint and Application to Proceed in the District Court Without Prepaying Fees or Costs ("Application"). The court dismissed without prejudice Pico's first motion to proceed in forma pauperis because she failed to completely fill out her Complaint. The court granted Pico leave to file another Application. On October 29, 2010, Pico refiled her Application concurrent with a Request for Appointment of Counsel. The court granted her Application but denied her counsel appointment request. On November 10, 2010, Pico filed a request for the refund of her $350.00 filing fee and her $63.00 certification fees. After revisiting Pico's Complaint, the court vacates the order granting Pico's in forma pauperis Application and issues an

order to show cause why the Complaint should not be dismissed for lack of standing.

II.      LEGAL STANDARD.

Article III, Section 2, of the Constitution confines federal courts to deciding cases or controversies. To qualify for federal court adjudication, a plaintiff must show that an actual controversy exists at all stages of the case. <u>Arizonans for Official English v. Arizona</u>, 520 U.S. 43, 63 (1997). No case or controversy exists when a plaintiff lacks standing to make the claims asserted. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992); <u>D'Lil v. Best W. Encina Lodge & Suites</u>, 538 F.3d 1031, 1035 (9th Cir. 2008).

As the party invoking federal jurisdiction, a plaintiff bears the burden of establishing his or her standing to sue. To do so, a plaintiff must demonstrate: 1) an injury in fact--an invasion of a legally protected interest that is concrete and particularized, as well as actual or imminent, not conjectural or hypothetical; 2) a causal relationship between the injury and the challenged conduct--an injury that is fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and 3) a likelihood, not mere speculation, that the injury will be redressed by a favorable decision. <u>See</u> <u>Lujan</u>, 504 U.S. at 560-61; <u>Mayfield v. United States</u>, 599 F.3d 964, 969 (9th Cir. 2010).

III.     ANALYSIS.

From what the court can gather from the Complaint, it appears that Pico is proceeding on behalf of Manuel Tabaquin. The Complaint states that Manual Tabaquin purchased the property at issue on short sale under foreclosure. See Order 3, ECF No. 16. Tabaquin also allegedly hired a realtor without Pico's knowledge or permission. See id. Pico brings this case because Manuel Tabaquin made her the trustee of the property and granted her a general power of attorney. However, a pro se party such as Pico is prohibited from pursuing claims on behalf of others in a representative capacity. See 28 U.S.C. § 1654; Simon v. Hartford Life, Inc., 546 F.3d 661 (9th Cir. 2008);. It makes no difference that Pico is a trustee or has a general power of attorney. Pico cannot represent Tabaquin as she is not an "attorney in fact". Accord C.E. Pope Equity Trust v. United States, 818 F.2d 696 (9th Cir. 1987)

Moreover, Pico herself does not have standing to sue under TILA because she is not the borrower or mortgagee on the loan. In the Complaint, Pico states Tabaquin "bought this property on short sale under foreclosure" because she was in bankruptcy. See Order 3, ECF No. 16. The Forensic Audit Report states that it was prepared for borrower Manual Tabaquin. See Compl., Ex. A. From these facts, it appears that only Tabaquin has standing to sue because he alone entered into the mortgage

transaction.  As a trustee, Pico is not injured by the mortgage foreclosure and thus lacks standing.  See also Nash v. Long Beach Mortg. Co., 158 Fed. Appx. 843 (9th Cir. 2005) (affirming district court's dismissal for lack of standing because plaintiff was neither the borrower nor the owner of the property at the time of the contested transaction); In re Crevier, 820 F.2d 1553 (9th Cir. 1987) (finding that property ownership or a right to convey is needed to state a claim under TILA).

Pico is ordered to show cause why this action should not be dismissed for lack of standing.  A hearing on this order to show cause will be held on January 10, 2011, at 9:00 a.m.  If Pico opposes dismissal of this case, she must file written opposition to this order to show cause no later than December 20, 2010.  Defendants may respond in writing to any opposition filed by Pico or to any matter raised in this order no later than December 27, 2010.  This order to show cause can be mooted out if Tabaquin files on his own in a pro se capacity.  If Tabaquin files a new suit on his own behalf, he may submit an Application to proceed in forma pauperis and request appointment of counsel.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 12, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Pico v. Bank of America et al., Civil No. 10-00583 SOM/KSC; ORDER VACATING ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL (ECF NO. 18); ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED.